UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA CHAVEZ, | Civil Action No. 26-0790 (SDW) |
| Petitioner, | |
| v. | OPINION |
| PAMELA BONDI, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Maria Chavez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Respondents United States Attorney General Pamela Bondi, Department of Homeland Security ("DHS") Secretary Kristi Noem, ICE Director Todd Lyons, and Delaney Hall Director Luis Soto oppose the Petition. (ECF No. 6).

3. Petitioner is a citizen of Peru. (ECF No. 1 ¶ 1). She entered the United States without inspection in 2024[1] and was detained by DHS shortly thereafter. (Id. ¶ 16).

4. DHS issued a Notice to Appear ("NTA") on January 10, 2025 charging Petitioner with removability pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) for being a noncitizen "present in the United States without being admitted or paroled … ." (ECF No. 2 at 2). On January 27, 2025, she was released from custody. (ECF No. 6-1 at 3).

---

[1] The Petition lists her date of arrival as January 10, 2024, (ECF No. 1 ¶ 16), but the DHS Record of Deportable/Inadmissible Alien lists Petitioner's entry date as December 20, 2024, (ECF No. 6-1 at 2).

5. Petitioner applied for asylum on February 7, 2025. (*Id.*)

6. Petitioner was arrested by the Jersey City Police Department on December 26, 2025 for simple assault. (*Id.*) ICE took her into custody on December 27, 2025 and took her to Delaney Hall. (*Id.*) Her next court date is June 7, 2029. (*Id.*)

7. Petitioner filed her Petition on January 26, 2026, arguing that DHS is improperly detaining her without a bond hearing due to a recent Board of Immigration Appeals ("BIA") opinion that divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to 8 U.S.C. § 1225(b). (ECF No. 1 ¶ 22 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)).

8. She further argues that her detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle her to a bond hearing before an immigration judge. (*Id.* ¶¶ 37-39).

9. Respondents assert that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because she is a noncitizen who "was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed a credible-fear screener interview for an asylum claim." (ECF No. 6 at 1).[2] "Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)." (*Id.*)

10. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

---

[2] Respondents do not argue that Petitioner's criminal charges require her to be detained pursuant to 8 U.S.C. § 1226(c).

2

11. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when she filed the Petition, and she asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over her claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

12. Section 1225(b)(1) governs "noncitizens who are arriving in the United States and are inadmissible must be screened and ordered removed without further hearing or review, unless they indicate an intention to apply for asylum." *A-J-R v. Rokosky*, No. 25-cv-17279, 2026 WL 25056, at *3 (D.N.J. Jan. 5, 2026) (footnote omitted). "If the asylum officer finds the noncitizen has a credible fear of persecution, the noncitizen 'shall be detained for further consideration of the application for asylum.'" *Id.* (quoting 8 U.S.C. § 1225(b)(1)(B)(ii)).

13. However, noncitizens detained pursuant to § 1225(b)(1) may be released on parole pursuant to 8 U.S.C. § 1182(d)(5)(A) "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018). "That express exception to detention implies that there are no *other* circumstances under which [noncitizens] detained under § 1225(b) may be released." *Id.* (emphasis in original). This parole authority is "not unbounded: DHS may exercise its discretion to parole applicants 'only on a case-by-case basis for urgent humanitarian reasons or significant public benefit.'" *Biden v. Texas*, 597 U.S. 785, 806 (2022) (quoting 8 U.S.C. § 1182(d)(5)(A)). "And under the [Administrative Procedure Act], DHS's exercise of discretion within that statutory framework must be reasonable and reasonably explained." *Id.* at 806-07.

14. Respondents have not produced any documentation that demonstrates Petitioner was paroled pursuant to § 1182(d)(5)(A). The December 27, 2025 I-213 Form does state that

Petitioner was granted humanitarian parole, but Respondents have not produced the actual parole documents to support this assertion. (ECF No. 6-1 at 3).

15. Furthermore, the January 10, 2025 Notice to Appear ("NTA") described Petitioner as a noncitizen who was "*present* in the United States without being admitted or paroled … ." (ECF No. 2 at 2 (emphasis added)). "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of" § 1225(b)(1). *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025); *see also* 8 U.S.C. § 1225(b)(1) (noting section applies to noncitizens "arriving in the United States . . . .")

16. Therefore, the record strongly suggests that DHS released Petitioner in January 2025 after exercising its discretion pursuant to § 1226, not for humanitarian reasons pursuant to § 1182(d)(5)(A). Since § 1225(b) "detainees can *only* be paroled for urgent humanitarian reasons or significant public benefit, it follows that Petitioner was not detained" pursuant to § 1225(b) in 2024. *Garcia-Alvarado v. Warden*, No. 25-cv-16109, 2025 WL 3268606, at *3 (D.N.J. Nov. 24, 2025) (emphasis in original) (citing *Jennings*, 583 U.S. at 300).

17. This is further supported by the fact that the December 2025 I-213 Form lists Petitioner's current immigration charges as being a noncitizen "present without admission or parole." (ECF No. 6-1 at 3). Therefore, it seems DHS relied on § 1226 in arresting and detaining Petitioner in December 2025. Having done so, it cannot now assert that § 1225(b)(1) is the basis for detainment. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-84 (S.D.N.Y. 2025) ("DHS has consistently treated [Petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents' claim that he is subject to mandatory detention under § 1225(b)." (emphasis in original)).

4

    18.    Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(1) violates the laws of the United States and Petitioner's Due Process rights.  Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide her with an individualized bond hearing.

    19.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: February 25, 2026